**THIS ORDER IS SIGNED AND ENTERED.**

**Dated: February 20, 2018**

  **Hon. Brett H. Ludwig**
  **United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In re:

  Timothy P. Brennan,                               Case No. 17-12337

                                                    (Chapter 11)

          Debtor.

**ORDER AUTHORIZING DEBTOR TO SELL ASSETS FREE AND CLEAR
OF LIENS, CLAIMS AND ENCUMBRANCES UNDER 11 U.S.C. § 363(b)**

On January 18, 2018, Timothy P. Brennan, the debtor in this case (the "Debtor"), filed a Motion to Sell Assets Free and Clear of Liens, Claims and Encumbrances (the "Sale Motion"). The Court scheduled a hearing to consider the Sale Motion on February 15, 2018 (the "Hearing"). The Debtor's counsel provided notice of the Sale Motion and the Hearing (the "Notice"), along with a copy of the Sale Motion, to all known creditors of the Debtor and parties in interest. The Notice was served either by electronic notification or first-class U.S. Mail on January 19, 2018, and advised potentially affected parties that the deadline for objecting to the Sale Motion was February 12, 2018.

On February 7, 2018, the Debtor and Associated Bank, National Association (the Bank"), through their respective counsel, filed a Stipulation Regarding 363 Motion and 506(b) Motion (the "Stipulation"), which in part modifies the Sale Motion to provide for payment at closing of that portion of the Bank's secured claim that is not in dispute, and the establishment of a separate debtor-in-possession account to hold the remaining sale proceeds. In the Stipulation, the Bank consents to the sale of the West Salem Property and the Equipment (as those terms are defined in the Sale Motion) free and clear of the Bank's liens thereon in accordance with the terms of the Sale Motion, as modified by the Stipulation.

On February 12, 2018, the United States Trustee filed an objection to the Sale Motion (the "UST Objection"). The UST Objection was based on the absence of an acceptable bond from the auctioneer employed to sell the Equipment. That deficiency was rectified before the Hearing, and the UST Objection was then withdrawn. No other creditor or party in interest has objected to the Sale Motion.

At the Hearing, the Court heard and considered statements of counsel in support of the Sale Motion, and the modifications established in the Stipulation. Based on the Sale Motion, the record of the Hearing, and the entire record of proceedings in this case,

**IT IS HEREBY ORDERED THAT:**

1. The Sale Motion, as modified by the Stipulation, is approved.

2. The Debtor is authorized pursuant to 11 U.S.C. § 363(b) to sell the West Salem Property to Gundersen Lutheran Administrative Services, Inc. ("Gundersen"), free and clear of all liens, claims and encumbrances, on the terms and conditions set forth in the purchase documents that were included as exhibits to the Sale Motion.

3. In the event Gundersen fails to close on the sale of the West Salem Property, the Debtor is authorized to sell that property to another buyer on terms at least as favorable as the

proposed sale to Gundersen, and such sale shall likewise be free and clear of liens, claims and encumbrances pursuant to 11 U.S.C. § 363(b).

4. The proceeds from any sale of the West Salem Property sale shall be paid at closing directly to the Bank, up to an amount that satisfies the Bank's judgment of $2,792,718.40, plus accrued interest at the applicable rates through the date of closing, after crediting any prior receipt by the Bank of Equipment proceeds as provided in paragraph 7 hereof.

5. All remaining proceeds from sale of the West Salem Property shall be delivered to the Debtor, to be held in a separate debtor-in-possession account at the Bank pending further order of this Court. The liens of the Bank and any other parties shall attach to those proceeds.

6. The Debtor is authorized pursuant to 11 U.S.C. § 363(b) to sell the Equipment at auction, on the terms set forth in the Auction Services Agreement attached as an exhibit to the Sale Motion, as modified by the Court's prior order authorizing the Debtor to employ Branford Auctions, LLC as auctioneer.

7. If net proceeds from the auction of the Equipment become available prior to the closing on the West Salem Property, they shall be transferred directly to the Bank and applied as provided in paragraph 4 of this Order. Otherwise, such Equipment proceeds shall be delivered to the Debtor, to be held in a separate debtor-in-possession account at the Bank pending further order of this Court, in which event the liens of the Bank and any other parties shall attach to those proceeds.

8. If the Debtor receives proceeds from the Equipment auction at any time before the Bank's judgment, with accrued interest, has been satisfied in full, the Debtor is hereby ordered to immediately wire transfer to the Bank the lesser of (a) the amount sufficient to pay the Bank's judgment and accrued interest in full, or (b) the Equipment proceeds so received by the Debtor.

#####